UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KNOCKING INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CANDI CARTER, CISTUS MEDIA INC., COURTNEY SPENCER, and ANA PITCHER,<br><br>　　　　Defendants. | Case No. 2:25-01047-JCM-EJY<br><br>**ORDER** |

　　　　Before the Court is Candi Carter, Ana Pitcher, and Cistus Media Inc.'s[1] Motion to Compel Third Party Favorite World, LLC, D.B.A. Shapermint[2] to Comply with Deposition and Document Production Subpoenas (ECF No. 8) and Favorite World's Motion to Quash Deposition Subpoena Served by Defendants Candi Carter, Ana Pitcher, and Cistus Media Inc. (ECF No. 19). The Court considered the Motions and all corresponding Oppositions and Replies.

　　　　After reviewing all arguments made, the Court vacates the hearing set for Wednesday, November 5, 2025, and denies the pending Motions without prejudice. The Court finds Favorite World and the Carter Defendants failed to sufficiently and sincerely meet and confer before filing their respective Motions. The Court further finds the passage of time is likely to have substantially impacted the issues presented such that the scope of this dispute may have narrowed.

　　　　Specifically, the filings submitted show there was no meaningful discussion of definitions to which Favorite World objected or consideration of the Carter Defendants' stated willingness to narrow their subpoena duces tecum as well as the deposition topics at issue. Further, document production and other discovery between Plaintiff (Knocking, Inc.), and the Carter Defendants had not commenced in earnest at the time the instant Motion practice was initiated in the District of

---

[1] Hereinafter, "Carter Defendants."
[2] Hereinafter, "Favorite World."

1

1 Nevada. In the absence of sincere meet and confer efforts and production of documents by the
2 parties to the underlying dispute, the Court finds the pending Motions premature.

3 The parties must meet and confer in earnest for purposes of considering: (1) narrowing the
4 definitions of "You," Your," and "Concerning"; (2) whether and to what extent any documents are
5 needed from Favorite World regarding the establishment of the relationship between it and
6 Knocking, Inc. taking into account documents produced since the instant Motions were filed and
7 how, if at all, such information is proportionate to the needs of the case involving alleged
8 misappropriation of Knocking, Inc. trade secrets by the Carter Defendants; (3) whether documents
9 pertaining to any confidentiality obligations by and between Favorite World and Knocking, Inc.
10 were obtained from Knocking and therefore needed, if at all, from Favorite World; (4) what specific
11 document or information it is the Carter Defendants seek from Favorite World regarding product
12 offerings, product costs, and contact information that would be proportionate to the needs of the case
13 and not in Knocking's possession; and (5) what specific information and source of knowledge
14 Favorite World would have regarding ordinary industry practice. The parties must continue to meet
15 and confer until such time as they reach impasse and can document for the Court the areas discussed
16 during meet and confer efforts, the areas in which they reached agreement, and the areas in which
17 agreement could not be reached.

18 Accordingly, IT IS HEREBY ORDERED that Candi Carter, Ana Pitcher, and Cistus Media
19 Inc.'s Motion to Compel Third Party Favorite World, LLC, D.B.A. Shapermint to Comply with
20 Deposition and Document Production Subpoenas (ECF No. 8) and Favorite World's Motion to
21 Quash Deposition Subpoena Served by Defendants Candi Carter, Ana Pitcher, and Cistus Media
22 Inc. (ECF No. 19) are DENIED without prejudice.

23 IT IS FURTHER ORDERED that the hearing set for **Wednesday, November 5, 2025 at 1**
24 **p.m. is VACATED**.

25 IT IS FURTHER ORDERED that Favorite World and the Carter Defendants **must** meet and
26 confer in earnest and toward the goal of compromise and reaching agreement regarding, but not
27 limited to, each of the five areas identified above.

28

IT IS FURTHER ORDERED that only after sincere efforts to meet and confer are exhausted such that Favorite World and the Carter Defendants conclude they cannot resolve all their differences without Court intervention may they refile their Motion with this Court.

IT IS FURTHER ORDERED that if the Carter Defendants and Favorite World are unable to resolve all their difference, they may file a **joint status report** in which they collectively identify their meet and confer efforts and areas of agreement. These representations are to be followed by separate discussions, no more than **three pages each**, of their respective positions on areas of disagreement. There is no need to repeat discussions regarding timeliness or waiver of objections as these issues are obviated by this Order and the Court's broad discretionary authority to manage discovery. Case law regarding proportionality, relevance, and the scope of discovery are not needed as the Court is well versed in these topics.

Dated this 3rd day of November, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE